**MADAR LAW CORPORATION**
Alex S. Madar, Esq. (SBN: 319745)
alex@madarlaw.net
14410 Via Venezia #1404
San Diego, CA 92129
Telephone: (858) 299-5879
Facsimile: (619) 354-7281

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE MIHOLICH, Individually and on Behalf of All Others Similarly Situated,<br><br>**Plaintiff,**<br><br>v.<br><br>THE LAMPE COMPANY, LLC, DOES,<br><br>**Defendant.** | Case No.: '20CV0276 BEN JLB<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Kyle Miholich ("Mr. Miholich" or "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of The Lampe Company, LLC ("Defendant") in negligently, and/or willfully contacting Plaintiff for marketing purposes on his cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all

other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because a substantial part of the events and injury to the Plaintiff occurred within this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of San Diego in the State of California.

5. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant The Lampe Company LLC is, and at all times mentioned herein was, a Texas limited liability company whose principal place of business is 14677 Midway Rd. Suite 106. Addison, TX 75001.

7. Plaintiff is informed and believes, and thereon alleges, that The Lampe Company LLC is, and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8. At all times relevant, Defendant conducted business in the State of California and in the County and City of San Diego, within this judicial district.

9. At no time did Plaintiff ever enter into a business relationship with Defendant.

10. At no time did Plaintiff provide his current cellular telephone number to Defendant through any medium.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
2 OF 10

11. Plaintiff had never heard of Defendant prior to receiving the texts from them.

12. On or about February 5, 2020, at approximately 1:54 PM, and other times, Defendant texted Plaintiff on his personal cellular telephone ending in "0059" from the telephone number (214) 551-6124 with the following message: "Kyle, Uncover how to receive loads of cash marketing Insurance instead of selling it.  Reply 1 for more Info".

13. So that he could identify who had texted him, Plaintiff replied "1", thus prompting the immediate responsive text: "Thanks for your response.  A rep will call you shortly.  In the meantime, call 989-999-0898 for a quick overview of this awesome product!"

14. Upon information and belief, calling the number 989-999-0898 leads to a prerecorded message from Diane Lampe, principal of The Lampe Company LLC, with a sales pitch of certain insurance products.

15. Upon information and belief, upon calling into 989-999-0898, the calling number is automatically documented and routed to an agent at The Lampe Company LLC to follow up on the sales lead.

16. Upon information and belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, the same or substantially similar unsolicited text messages *en masse* to thousands of consumers' cellular telephones nationwide.

17. Upon information and belief, the texts were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), and as prohibited by 47 U.S.C. § 227(b)(1)(A)(iii).

18. Upon information and belief, this telephone dialing equipment used by Defendant, or their agent, has the capacity to store or produce telephone numbers to be called or texted, using a random or sequential number generator.

19. Upon information and belief, this telephone dialing equipment also has the capacity to dial or text telephone numbers stored in a database or as a list without human intervention.

20. The texts from Defendant caused Plaintiff to become annoyed and frustrated.

21. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

22. Defendant's texts forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted texts, causing nuisance and lost time.

23. The telephone number Defendant texted was assigned to a cellular telephone service for which Plaintiff incurs a charge for cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

24. The texts to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Defendant's texts to Plaintiff's cellular telephone number were unsolicited by Plaintiff and were placed without Plaintiff's prior express written consent or permission.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and on behalf of the Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

/././

/././

27. Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All persons within the United States who received any telephone call(s) and/or text(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system or artificial or prerecorded voice without their consent in the four years prior to the filing of this Complaint.

28. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

29. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an automatic telephone dialing system "ATDS", thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

30. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

31. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

32. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    i. Whether, in the four years prior to the filing of the complaint, Defendant or its agent(s) placed any marketing calls, texts, and artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    ii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    iii. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

33. As a person that received at least one marketing call or text via an ATDS and/or an artificial or prerecorded voice message to their cell phones without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

34. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In

1. addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

35. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendant texts to Plaintiff's cellular phone without any prior express consent constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

40. As a result of Defendant, and Defendant's agents' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant's actions constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

44. As a result of Defendant' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and each of the Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

46. Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

## First Cause of Action for Negligent Violation of the TCPA, 47 U.S.C. § 227 *Et Seq.*

- As a result of Defendant and Defendant's agents' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.
- Costs of suit.
- Attorneys' fees pursuant to, *inter alia*, the common fund doctrine.
- Any other relief the Court may deem just and proper.

## Second Cause of Action for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227 *Et Seq.*

- As a result of Defendant and Defendant's agents' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Costs of suit.
- Attorneys' fees pursuant to, *inter alia*, the common fund doctrine.
- Any other relief the Court may deem just and proper.

# TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: February 14, 2020

Madar Law Corporation

By: /s Alex S. Madar
alex@madarlaw.net
Alex S. Madar
*Attorneys for Plaintiff*